Eric Stephenson (9779)
Daniel S. Garner (14652)
WHITE & GARNER
370 East South Temple, Suite 200
Salt Lake City, Utah 84111
Phone: (801) 849-9300
eric.stephenson@utahtriallawyers.com
dan.garner@utahtriallawyers.com

*Attorneys for Plaintiff*

---

### UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
### CENTRAL DIVISION

---

| | |
|---|---|
| MARIA VITELLI, <br><br>     Plaintiff, <br><br> vs. <br><br> AMERICAN CORADIUS INTERNATIONAL INC., and JOHN DOES 1-10 <br><br>     Defendants. | **COMPLAINT** <br><br> JURY TRIAL DEMANDED <br><br> Case Number: <br> Judge: |

### JURISDICTION AND VENUE

1.    This action arises from Defendant's violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. § 1692, *et seq.*, and the Utah Consumer Sales Practices Act (UCSPA) Utah Code Ann. § 13-11-1 *et seq.*, by Defendants in their deceptive and illegal efforts to collect a consumer debt from the Plaintiff.

2.    Jurisdiction in this case is founded upon 28 U.S.C. § 1331, § 1367, and 15 U.S.C. § 1692k, which grant the United States District Courts jurisdiction to hear this action without regard to the amount in controversy.

3.    Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b) because the acts and transactions giving rise to Plaintiff's claims occurred within this federal judicial district

and because the Defendant's conduct business and reside in the State of Utah within the meaning of 28 U.S.C. § 1391(b) and (c).

4.    This Court has personal jurisdiction over the Defendants in this case because they have continuous and systematic contacts with the State of Utah including, but not limited to, conducting business in Utah, regularly collecting or attempting to collect debt in Utah from Utah consumers, regularly enforcing consumer transactions in Utah with Utah consumers, regularly entering into agreements with Utah consumers, regularly contacting consumers in Utah by telephone, email, Internet communications, and other instruments of interstate commerce, and by availing themselves of the benefits of the Utah legal and judicial systems.

## PARTIES

5.    The Plaintiff Maria Vitelli is a natural person who resides in Utah. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and was directly harmed by the Defendants' conduct and violations complained of herein.

6.    Defendant American Coradius International Inc., (ACI) is a debt collection agency located at 2420 Sweet Home Road, Suite 150, Amherst, New York, 14228 that regularly collects and attempts to collect debts in Utah, from Utah consumers, and from the Plaintiff in particular.

7.    One of the John Doe Defendants held herself out to the Plaintiff as "Sandra Clay." This John Doe Defendant (Clay) is an individual regularly collecting and attempting to collect debts in Utah, from Utah consumers, and from the Plaintiff in particular.

8.    The other John Doe Defendants are, upon information and belief, individuals, companies, partners, shareholders, managers, or other persons who profit from, participate in, or

otherwise assist ACI's efforts of regularly collecting and attempting to collect debts in Utah, from Utah consumers, and from the Plaintiff in particular.

9.   Because they each regularly conduct business in the State of Utah by collecting and attempting to collect past due debts from Utah consumers, each of the Defendants is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

10.   Each of the Defendants' regular and principle business purpose is the collection of past due debts incurred by Utah consumers for personal, family, or household purposes and originally owed or due to another.

11.   Because they each regularly solicit, enter, and enforce consumer agreements by collecting and attempting to collect debts in connection with consumer agreements, the Defendants are each a "person" as defined in Utah Code Ann. § 13-11-3(5), and a "supplier" as defined in Utah Code Ann. § 13-11-3(6).

12.   The Defendants' debt collection efforts include, *inter alia*, placing phone calls and mailing letters, participating in lawsuits in Utah, communicating by telephone with Utah residents, entering into agreements with Utah consumers, enforcing agreements with Utah consumers, negotiating payments for consumer debts to collect past due amounts of money.

FACTUAL ALLEGATIONS

13.   Sometime in or before April 2020, Defendants began attempting to collect a past due financial obligation from the Plaintiff on behalf of PayPal Inc. The debt (hereafter the "alleged debt" or "debt") was a personal account used primarily for personal, family, or household purposes and is therefore "debt" as defined by 15 U.S.C. § 1692a(5) and a "consumer transaction" as defined by Utah Code Ann. § 13-11-3(2).

14.     The Defendant ACI regularly contracts with various companies and persons, including

        PayPal, which contracted with, and granted authority to, ACI to represent its interests and

        to engage in efforts to collect past due debts allegedly owed by Utah residents, and in

        particular the Plaintiff.

15.     In the alternative and upon information and belief, Defendant ACI did not contract with

        PayPal to collect the alleged debt from the Plaintiff.

16.     Upon information and belief, the John Doe Defendants were each employed by ACI or

        otherwise contracted with ACI which granted authority to them to represent its interests

        and to engage in efforts to collect past due debts allegedly owed by Utah residents, and in

        particular the Plaintiff.

17.     All of the Defendants regularly conduct business and attempt to collect past due debts in

        Utah through interstate channels of commerce such as:

        17.1.   the Internet domains of acibillpay.com, americancoradiusinternational.com, and

                acillc.us,

        17.2.   through the social media pages of www.facebook.com/American-Coradius-

                International-LLC-128293700529456/ and

                www.linkedin.com/company/american-coradius-international/,

        17.3.   through the United States Postal Service using the addresses of 2420 Sweet Home

                Road, Suite 150, Amherst, New York, 14228, and 37 Rust Lane, Boerne, Texas

                78006,

        17.4.   by telecommunications using the telephone numbers of (855) 225-3009, (716)

                418-7187, and (888) 863-8462.

18.     Upon information and belief, Defendants also regularly conduct business and attempt to

        collect past due debts in Utah through other interstate channels of commerce.

COMPLAINT

19.   All of the Defendants' conduct discussed herein occurred in attempting to collect the alleged debt from Plaintiff on behalf of PayPal.

20.   All of the Defendants had express or implied authority to engage in the conduct discussed herein for the purpose of attempting to collect the alleged debt from the Plaintiff.

21.   In the alternative and upon information and belief, the Defendants did not have express or implied authority to engage in the conduct discussed herein for the purpose of attempting to collect the alleged debt from the Plaintiff.

22.   As part of their efforts to collect the alleged debt from the Plaintiff, Defendants placed at least one telephone call to the Plaintiff.

23.   The individual placing that collection call to the Plaintiff identified herself as John Doe Defendant Sandra Clay.

24.   For example, on May 11, 2020 Defendants placed a collection call to the Plaintiff on behalf of PayPal in an attempt to collect the alleged debt. Plaintiff did not answer that call so the Defendants left Plaintiff a message.

25.   During the Defendants' collection message Defendants knowingly and intentionally stated that they were attempting to collect a debt and that any information obtained will be used for that purpose.

26.   The Defendants also revealed a reference number pertaining to the debt in that message.

27.   Upon information and belief, the true and correct name of the individual who left the message was not Sandra Clay.

28.   Upon information and belief, John Doe Defendant Sandra Clay intentionally provided Plaintiff with a fake name to conceal her true identity.

29.   As part of its efforts to collect the alleged debt, Defendants sent Plaintiff a collection letter on or about April 28, 2020. Plaintiff received and read that letter.

COMPLAINT

30. In their April 28, 2020 collection letter, Defendants knowingly and intentionally represented or implied the following:

    30.1. that the balance of the alleged debt was $3,553.93,

    30.2. that the Plaintiff owed the alleged debt,

    30.3. that they would accept an amount for less than the full balance to satisfy the debt, and

    30.4. that PayPal is willing to accept $2,665.45 as a partial payment to cease collection efforts.

31. Each of those representations, implications, and demands Defendants made in their collection letter were false, confusing, deceptive, and unconscionable.

32. Plaintiff does not owe the debt.

33. The representation that it would satisfy the debt or stop collecting the account for partial payment of $2,665.45 was false, deceptive, and unconscionable because Plaintiff did not owe the debt.

34. In the alternative, the representation that Defendants would satisfy the debt or stop collecting the account for partial payment of $2,665.45 was false, deceptive, and unconscionable because it implies paying that amount fully settles the debt when it does not and instead actually leaves additional amounts outstanding.

35. In the alternative, representing payment of $2,665.45 was sufficient to stop the collection was false, deceptive, and unconscionable because by accepting a lessor amount than what was due could, and likely would, subject the Plaintiff to future collection efforts.

36. In the alternative, representing payment of $2,665.45 was sufficient to stop the collection was false, deceptive, and unconscionable because accepting that amount did not actually constitute a settlement of the entire delinquency.

37.     In the alternative, representing payment of $2,665.45 was sufficient to stop the collection was false, deceptive, and unconscionable because the least sophisticated consumer would not be able to decipher the actual status of the debt that would result from making the partial payment demanded.

38.     In the alternative, representing payment of $2,665.45 was sufficient to stop the collection was false, deceptive, and unconscionable because even if Plaintiff paid the partial amount the debt could still be reported as delinquent in her credit reports.

39.     Defendants knew their offer to accept a partial payment to stop collecting the debt was deceptive, false, unconscionable, and confusing but Defendants made the representation intentionally for the purpose of collecting the debt from the Plaintiff.

40.     Upon information and belief, Defendants knew or should have known their offer to accept a partial payment to stop collecting the debt was deceptive, false, unconscionable, and confusing because it has communicated with other debtors using that same statement in other attempts to collect debts.

41.     Upon information and belief, PayPal has not granted any of the Defendants authority to collect the debt.

42.     Upon information and belief, PayPal has not granted any of the Defendants authority to settle the debt for less than the amount claimed as due.

43.     Upon information and belief the account is paid in full.

44.     In the alternative, the account does not exist.

45.     Upon information and belief the Defendants made other phone calls and sent other letters to the Plaintiff to collect the debt.

COMPLAINT

46.     Upon information and belief Defendants made other false, deceptive, and unconscionable representations, implications, demands, and threats in attempting to collect the alleged debt.

47.     Upon information and belief, the Defendants communicated with each other to attempt to collect the alleged debt.

48.     Plaintiff sent Defendants a letter demanding validation of the debt on or around May 14, 2020.

49.     Upon information and belief, Defendants never responded to the validation letter but nonetheless continued attempting to collect the debt.

50.     Each collection letter and telephone call the Defendants had with the Plaintiff is a "communication" as defined in 15 U.S.C. § 1692a(2).

51.     Each telephone message, telephone call, and letter Defendants engaged in with the Plaintiff was a "communication" as defined in 15 U.S.C. § 1692a(2) because those communications were made for the purpose of facilitating collection of the alleged debt.

52.     Each collection letter, message, and telephone call the Defendants had with the Plaintiff is an act or practice taken in connection with a "consumer transaction" as defined in Utah Code Ann. § 13-11-3(2) because those communications were consumers transactions and made in connection with and attempts to enforce the consumer transactions that created the alleged debt.

53.     Each time Defendants sent Plaintiff a collection letter, spoke with Plaintiff by telephone, left a message for the Plaintiff, provided information to each other, or communicated about the Plaintiff with other third parties, was a collection or attempt to collect a debt and an act or practice taken in connection with and attempts to enforce consumer transactions.

54.     Upon information and belief, the Defendants acted within the course and scope of the authority granted to each other and in furtherance of each other's efforts to collect the alleged debt from the Plaintiff.

55.     The representations, implications, demands, and threats each Defendant made in the letters, telephone calls, messages, and other communications made to collect the alleged debt were adopted, ratified, and acted upon by the other Defendants as if the representations were their own.

56.     The representations, implications, demands, threats, conduct, actions, and omissions by which the Defendants collected the alleged debt caused Plaintiff damages as described herein and were violations of numerous and multiple provisions of the FDCPA, including, but not limited to;1692c(b), 1692d, 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(10), 1692f, 1692f(1), and 1692g, amongst others.

57.     Defendants' representations, implications, demands, and threats pertaining to the alleged debt, enforcement of agreements, and entering into agreements, were consumer transactions, enforcement of consumer transactions, or otherwise occurred in connection with the consumer transactions that created the debt.

58.     The representations, implications, demands, threats, conduct, actions, and omissions by which Defendants conducted business, enforced the alleged debt, and attempted to collect the alleged debt caused Plaintiff damages as described herein and violated numerous and multiple provisions of the UCSPA, including but not limited to, Utah Code Ann. §§ 13-11-4 and 13-11-5.

59.     The representations, implications, demands, threats, actions, omissions, and communications of the Defendants as discussed herein were fraudulent and would have misled the least sophisticated consumer or any person of average intelligence.

60.     Plaintiff suffered concrete and actual damages as a result of Defendants' deceptive, unfair, unlawful, and fraudulent representations, implications, demands, threats, actions, omissions, and communications to collect the alleged debt and to charge Plaintiff with amounts Plaintiff did not agree to pay and had no legal obligation to pay. Those damages include, *inter alia*; stress, anxiety, and sleeplessness.

61.     At all times relevant to this lawsuit, Plaintiff used reasonable care and diligence in an effort to minimize and avoid the damages caused by the Defendants' conduct.

62.     On the other hand, Defendants were negligent, or in the alternative, reckless, in their conduct and, upon information and belief, took no action whatsoever to minimize or avoid the damages they caused.

63.     Defendants had a duty to make representations that were true and accurate to Plaintiff but negligently, or in the alternative, intentionally or recklessly breached those duties by misstating the amount, character, and legal status of the debt and by failing to validate the debt when requested.

64.     Defendants had a duty to adhere to the requirements and refrain from violating the prohibitions provided for by federal and state law but Defendants negligently, or in the alternative, intentionally or recklessly breached that duty.

65.     Upon information and belief, Plaintiff's damages as discussed herein were also the direct and proximate result of Defendants' willful and malicious or intentionally fraudulent conduct, or conduct that manifests a knowing and reckless indifference toward, and a disregard of, the rights of the Plaintiff.

COUNT I
**Fair Debt Collection Practices Act**

66.     Plaintiff hereby incorporates all other allegations set forth in this Complaint.

67.    The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."[1]

68.    "The FDCPA is a remedial statute aimed at curbing what Congress considered to be an industry-wide pattern of and propensity towards abusing debtors."[2] It prohibits, and imposes strict liability and both statutory and actual damages for, a wide range of abusive and unfair practices.[3]

69.    In connection with the collection of the alleged debt, Defendants' representations, implications, demands, threats, actions, omissions, and communications as discussed herein constitute numerous and multiple violations of the FDCPA against the Plaintiff including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq.*

70.    As a result of the Defendants' violations of the FDCPA as discussed herein, Plaintiff suffered concrete actual damages as described herein and is entitled to an award against the Defendants jointly and severally for causing those damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2); and attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

COUNT II
**Utah Consumer Sales Practices Act**

71.    Plaintiff hereby incorporates all other allegations set forth in this Complaint.

---

[1] 15 U.S.C. § 1692(e)
[2] *Clark v. Capital Credit & Collection Services, Inc.*, 460 F.3d 1162, 1171 (9th Cir.2006)
[3] *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1030 (9th Cir. 2010)

72.     The Utah Consumer Sales Practices Act was enacted to "protect consumers from suppliers who commit deceptive and unconscionable sales practices" and to "recognize and protect suppliers who in good faith comply with the provisions of this act."[4]

73.     Under its plain language the UCSPA "shall be construed liberally" to promote those policies.[5]

74.     The Defendant' knowing or intentional representations, implications, demands, threats, actions, omissions, and communications as discussed herein constitute numerous and multiple violations of the Utah Consumer Sales Practices Act against the Plaintiff including, but not limited to, each and every one of the above-cited provisions of the UCSPA, 15 U.S.C. § 1692 *et seq*.

75.     By knowingly or intentionally engaging in the conduct described herein, each of the Defendants violated the Utah Consumer Sales Practices Act.

76.     Plaintiff has a right to only be pursued for collection of debt she actually owes.

77.     Plaintiff has a right to have communications in connection with collecting the debt to be truthful, clear, and dignified.

78.     Plaintiff has a right to have the amount, character, and legal status of the debt portrayed accurately.

79.     Plaintiff has a right to collection communications that are not confusing about the impact a partial payment would have on the debt and its legal status.

80.     Defendants' conduct described herein was willful and malicious, intentionally fraudulent, or manifested a knowing and reckless indifference toward, and a disregard of, the rights of the Plaintiff as described herein.

---

[4] Utah Code Ann. § 13-11-2.
[5] *Id.*

81.   Defendants knew or should have known their conduct was unlawful, deceptive, and malicious.

82.   Defendants knew or should have known their collection communication was confusing and did not accurately identify what the legal status of the debt would be if Plaintiff made the partial payment demanded.

83.   By engaging in the conduct described herein, the Defendants exercised a gross inequality of bargaining power and deprived Plaintiff of any meaningful choice.

84.   No decent, fair-minded person would view the Defendants' conduct, or the lack of any meaningful choice that conduct created, without being possessed of a profound sense of injustice.

85.   As a result of each of Defendants' violations of the UCSPA, Plaintiff suffered the concrete actual damages described herein and requests this Court for an award against Defendants, jointly and severally, for an award of actual and punitive damages in an amount to be proven at trial, and for all other relief which Plaintiff may be entitled pursuant to Utah Code Ann. § 13-11-19 and Utah Code Ann. §78B-8-201.

## COUNT III
### Fraud

86.   Plaintiff hereby incorporates all other allegations set forth in this Complaint.

87.   Upon information and belief, Defendants stated they were collecting on behalf of PayPal but never had any actual authority from PayPal to collect money from the Plaintiff on its behalf.

88.   Upon information and belief, the debt Defendants were trying to collect from Plaintiff never existed but was instead created fraudulently by the Defendants using Plaintiff's personal identification and financial information.

89.     Upon information and belief, John Doe Defendant Sandra Clay fraudulently misstated her name in an attempt to conceal her true identity.

90.     Since no debt was owed to the Defendants by the Plaintiff, it was fraudulent to represent the legal status or character of the debt as past due.

91.     Since no debt was owed it was fraudulent to claim any amounts were due.

92.     Defendants fraudulently misrepresented that the legal status of the debt would be satisfied if Plaintiff made the partial payment demanded because the Plaintiff did not owe any of the debt at all.

93.     Since there was no debt and Defendants did not actually work for PayPal, the legal status of the debt could not be changed by Plaintiff making the partial payment demanded.

94.     Even if the legal status of the debt could have been changed, the legal status of the debt could not be changed as represented by Defendants because making the partial payment still allowed PayPal, the Defendants, or someone else to later attempt to collect the remaining amounts.

95.     Defendants made other fraudulent representations as previously discussed herein.

96.     Plaintiff reasonably relied on each of those fraudulent representations when she had dealings with the Defendants and as a result suffered the emotional distress and other damages discussed herein.

97.     As a result of each of Defendants' fraudulent representations, implications, demands, threats, actions, omissions, and communications Plaintiff suffered the concrete actual damages described herein and requests this Court for an award against Defendants, jointly and severally, for an award of actual and punitive damages in an amount to be proven at trial, and for all other relief which Plaintiff may be entitled.

COMPLAINT

PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests judgment against Defendants jointly and severally as follows:

1.      For an award of statutory damages under the FDCPA of $1,000.00;

2.      For an award of statutory damages under the UCSPA of at least $2,000.00;

3.      For an award of actual damages of at least $50,000.00;

4.      For an award of punitive damages of at least $150,000.00;

5.      For an award of Plaintiff's attorney's fees and costs reasonably incurred in this action;

6.      For pre-judgment and post judgment interest at the legal rates;

7.      For appropriate injunctive relief to prevent any additional legal violations;

8.      For leave to amend this Complaint as the interests of justice may allow; and

9.      For such other and further additional relief as may be determined to be appropriate and as the Court may find just, equitable, and proper.

JURY DEMAND

Plaintiff hereby demands trial by jury on all issues so triable.

DATED 6/18/2020                          Eric Stephenson
                                         *Attorney for the Plaintiff*